IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMIYHA WEST,<br>*Plaintiff,* | :<br>:<br>: |
| v. | : CIVIL NO. 25-5661 |
| CAPITAL ONE AUTO FINANCE et al.,<br>*Defendants.* | :<br>:<br>: |

Scott, J.                                                                                                           December 16, 2025

## MEMORANDUM

Defendant Capital One Auto Finance, a division of Capital One, N.A. ("Capital One"), filed a Motion to Stay (ECF No. 18) because Plaintiff Samiyha West, who filed a Chapter 7 bankruptcy petition on October 24, 2025, is no longer the real party in interest to this Action and thus no longer has standing to pursue her claims.

For reasons given below, the Court agrees and grants Defendant's Motion to Stay.

**I.     Background**

Plaintiff Samiyha West initiated this Action on September 30, 2025 by filing a Complaint. On October 30, 2025, Plaintiff filed an Amended Complaint (ECF No. 6), alleging seven claims against Defendants Capital One Auto Finance, Capital One Financial Corporation, International Recovery Systems of PA, LLC, International Recovery Systems, Inc., and Manheim Remarketing Inc., all of which relate to what Plaintiff considers to be the unlawful repossession of her vehicle around April 2025. On October 24, 2025, Plaintiff West filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania. *See* ECF No. 18-1.

1

In her bankruptcy schedules, Plaintiff West listed this Action as an asset of her bankruptcy estate. ECF No. 18-3 at 10.

Plaintiff did not inform the Court of her pending bankruptcy proceedings. Instead, Defendant Capital One filed a notice of the bankruptcy proceedings and a Motion to Stay these proceedings pending potential intervention by the trustee of Plaintiff West's estate, who is now the real party in interest in this Action. ECF No. 18 at 2–3. Plaintiff filed an Opposition to the on November 26, 2025. ECF No. 22. Defendant filed a Reply on December 2, 2025. ECF No. 25. Plaintiff then filed a Motion to Extend Deadlines on December 3, 2025 and a Motion for Leave to File a Sur-Reply on December 7, 2025. *See* ECF Nos. 26, 27, and 28.

II.     **Analysis**

"The statutory and caselaw is clear that any causes of action [that] accrue to a debtor who has filed for relief under the Bankruptcy Act before the filing of the bankruptcy petition become the property of the bankruptcy estate and may thereafter be prosecuted only by the trustee or a duly appointed representative of the estate." *Chrysler Credit Corp. v. B.J.M., Jr., Inc.*, 1992 WL 333586, at *2 (E.D. Pa. Nov. 9, 1992) (citing *Committee of Unsecured Creditors of Specialty Plastic v. Doemling*, 127 Bankr. 945, 948 (W.D. Pa. 1991); *Lambert v. Fuller Company, Inc.*, 122 Bankr. 243, 245 (E.D. Pa. 1990); and 11 U.S.C. § 541(a)(1)). Plaintiff's bankruptcy petition postdates the causes of action asserted by Plaintiff in the instant case, which makes the latter "property of the bankruptcy estate" and prosecutable "only by the trustee" of Plaintiff West's estate. *Id.* Accordingly, "[w]hile a bankruptcy case is pending, it is the trustee, and not the debtor, who has the capacity to pursue the debtor's claims." *Bartel v. Foster Wheel Co.*, 2015 WL 6750379, at *4 (E.D. Pa. Nov. 4, 2015) (quoting *In re Kane*, 628 F.3d 631, 637 (3d Cir. 2010)).

Plaintiff West opposes a stay pending possible intervention of the trustee of her estate on nebulous grounds. Plaintiff's argument is difficult to parse, but it appears to arise from a fear that this Court will lose jurisdiction over her federal claims if the stay is imposed. *See, e.g.*, ECF No. 22 at 8 ("Plaintiff's original approach aligns with federal law: federal claims proceed, and state-law claims involving estate property remain until the Trustee decides how to handle them.").

Plaintiff's fear is mistaken. The Court will retain jurisdiction over this matter regardless of whether it imposes the stay. The real issue involving Defendant's request for a stay is that Plaintiff is no longer the real party in interest in this litigation. Instead, as explained above, it is the trustee of her estate—and only the trustee—who "has the capacity to pursue [Plaintiff West's] claims" in this Action. *Bartel*, 2015 WL 6750379, at *4.

Plaintiff's Sur-Reply[1] appears to spot the real issue because there she argues that a "new material fact has arisen that is dispositive of the standing issue raised by Capital One." ECF No. 27 at 1. This new fact is that "Plaintiff converted her bankruptcy case from Chapter 7 to Chapter 13 on or after December 3, 2025." ECF No. 28 at 1. There are at least two fatal problems to Plaintiff's approach.

First, the Court has reviewed the docket in Plaintiff's bankruptcy proceeding; there is zero evidence that Plaintiff has moved to reclassify her bankruptcy from a Chapter 7 to a Chapter 13 proceeding. Nor did Plaintiff supply the Court with any evidence that her bankruptcy matter is now proceeding under Chapter 13. Relatedly, the Court has not found any case law to suggest that a debtor may unilaterally reclassify her bankruptcy petition without permission of the Bankruptcy Court. Consequently, the Court accords no weight to Plaintiff's "new fact" regarding the putative reclassification of her bankruptcy proceedings.

---

[1] The Court will grant Plaintiff's Motion for Leave to File a Sur-Reply (ECF No. 27) and grants Plaintiff's Motion to Extend Deadlines (ECF No. 26).

Second, any attempt by Plaintiff to reclassify her bankruptcy proceedings would appear to be in bad faith. The sole reason Plaintiff has articulated for attempting to change her bankruptcy status is to moot the legal arguments and case law that is disadvantageous to her position in the instant case. *See, e.g.*, ECF No. 28 at 3–4 ("Capital One's entire Motion is predicated on the assumption that Plaintiff filed a Chapter 7 bankruptcy . . . This assumption is no longer correct [because] Plaintiff converted her case to Chapter 13 . . . ."). That type of gamesmanship is impermissible and not a proper use of a federal court's resources.

### III.    Conclusion

For the reasons stated above, the Court grants Defendant's Motion to Stay (ECF No. 18) the proceedings pending potential intervention by the Chapter 7 trustee appointed in Plaintiff West's bankruptcy proceedings.